UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-065 |
| | ) | |
| KENNETH NORMAN | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 76]. The defendant asks the court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the defendant's motion [doc. 77]. The United States argues that the defendant is not eligible for a sentence reduction because Amendment 782 has no effect on his statutorily-mandated term of imprisonment.

## I. Background

By judgment dated January 8, 2013, this court sentenced the defendant to a term of imprisonment of 120 months as to Count One (conspiracy to distribute heroin). The defendant's advisory guideline range was 151 to 188 months, based on a total offense level of 31 and a criminal history category of IV. By statute, Count One required a mandatory sentence of at least 120 months imprisonment.

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. The court granted that motion and sentenced the defendant to 120 months, the lowest available sentence under his statute of conviction.

## II. Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the present case, a sentence reduction under § 3582(c) would not be consistent with the Sentencing Commission's applicable policy statements. Application Note 1(A) to guideline 1B1.10 explains in relevant part that

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [a guideline amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

2

Amendment 782 does not lower any statutory penalties. Because the defendant was sentenced to the statutory mandatory minimum, he is ineligible for an Amendment 782 reduction. *See, e.g., United States v. McPherson*, 629 F.3d 609, 611-12 (6th Cir. 2011).

### III. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 76] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

3

Case 3:12-cr-00065-RLJ-HBG   Document 79   Filed 05/06/15   Page 3 of 3   PageID #: 330